**FILED
CLERK**

5/13/2015 2:49 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RUDI RIVAS,

               Petitioner,

-against-

**OPINION AND ORDER
14-CV-6828 (SJF)**

THOMAS GRIFFIN,

               Respondent.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

Before the Court is Rudi Rivas' ("petitioner") motion for reconsideration of this Court's Order transferring ("transfer Order") this case to the Court of Appeals for the Second Circuit as a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DE 4). For the following reasons, the motion is **DENIED**.

*Procedural Background*

Petitioner filed his first 28 U.S.C. § 2254 petition for a writ of habeas corpus on May 24, 2000, which was denied on July 17, 2002 by order of the Honorable Arthur D. Spatt, District Judge, Eastern District of New York ("E.D.N.Y.").[1] On July 29, 2002, plaintiff moved for reconsideration of the order denying his first petition, which Judge Spatt denied on February 6, 2003. On April 17, 2006, petitioner filed a second motion for reconsideration of the order denying the first petition, which Judge Spatt denied on December 6, 2006. Petitioner has also filed numerous applications with the Second Circuit seeking permission to file a successive petition, all of which have been denied. On January 27, 2014, petitioner filed a petition for a writ of habeas corpus, which this Court transferred to the Second Circuit as a successive petition and

---

[1] The facts are taken from the Order from which petitioner seeks reconsideration.

on November 13, 2014, the Second Circuit issued a Mandate denying petitioner leave to file a successive 28 U.S.C. § 2254 petition in the E.D.N.Y.

On November 18, 2014, petitioner filed his current petition for a writ of habeas corpus pursuant to § 2254. By Order dated December 3, 2014, the petition was transferred to the Second Circuit as a successive petition and this case was closed. On December 29, 2014, petitioner sought reconsideration (DE 5) of the transfer Order and, on December 31, 2014, appealed the Order (DE 6). By Order dated January 9, 2015, petitioner's motion for reconsideration was dismissed without prejudice to renew (DE 7) upon the Second Circuit's decision regarding the transferred petition. On March 19, 2015, petitioner filed this motion for reconsideration of the transfer Order. By Mandate (DE 9) issued April 7, 2015, the Second Circuit denied petitioner's request to file a successive petition upon finding that petitioner had not satisfied the criteria set forth in 28 U.S.C. § 2244(b)(1) or (2).[2] The Mandate also cautioned petitioner that absent a meritorious showing that his claims relied upon a new rule of constitutional law or newly discovered evidence under § 2244(b)(2), "his continued filing of successive motions or other

---

[2] Title 28 U.S.C. § 2244(b)(1) provides that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed"; § 2244(b)(2) provides: A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

papers reasserting any of the claims contained in the present motion may result in the imposition of sanctions, which may include a leave-to-file sanction" requiring petitioner to obtain permission from the Second Circuit prior to filing additional submissions.

*Discussion*

In the Eastern District of New York, motions for reconsideration are governed by EDNY/SDNY Local Rule 6.3. Pursuant to the rule, "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Thus, the moving party must point to controlling decisions or factual matters "that were put before the Court on the underlying motion." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (citing cases). Local Rule 6.3 "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Id. See Ruiz v. Comm. of Dep't of Transp.*, 687 F. Supp. 888, 890 (S.D.N.Y. 1988) (same).

" 'The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court.' " *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb Inc.*, No. 86 Civ. 6447, 1989 WL 162315, at *4 (S.D.N.Y. Aug. 04, 1989) (quoting *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)). Consequently, a party "may not advance new facts, issues or arguments not previously presented to the court" in a motion for reconsideration. *Litton Industries, Inc.*, 1989 WL 162315, at *4.

Petitioner seeks reconsideration of the Order transferring his November 18, 2014 petition. As explained in the transfer Order, before a district court may consider a successive habeas petition,

the "prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." 28 U.S.C. § 2244(b)(3)(A). Accordingly, the district court is required to transfer successive petitions and, therefore, petitioner's motion for reconsideration of the transfer Order is denied.

*Conclusion*

Based upon the foregoing, petitioner's request for reconsideration is **DENIED**.

**SO ORDERED.**

Dated: May 13, 2015
       Central Islip, New York

                                              /s/
                                  Sandra J. Feuerstein, U.S.D.J.